UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TUNCAY KAPLAN,<br><br>               Petitioner,<br><br>     v.<br><br>PAMELA BONDI, KRISTI NOEM, TODD LYONS, LAURA HERMOSILLO, and BRUCE SCOTT,<br><br>               Respondents. | Case No. 2:26-cv-00725-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.    INTRODUCTION

Before this Court is petitioner Tuncay Kaplan's petition for writ of habeas corpus. Dkt. 1. Kaplan is detained in the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. With his petition, Kaplan seeks immediate release and an order preventing Respondents from taking him into custody in the future "unless they have executable travel documents to remove him from the United States and provide him with notice and a meaningful hearing before re-detaining him." Dkt. 1 at 9. Because Kaplan's detention has become indefinite in violation of the Immigration and Nationality Act ("INA"), the Court GRANTS his petition for a writ of habeas corpus and ORDERS his release within one day. But because Kaplan has not met the standard for prospective injunctive relief, the Court DENIES his request for an order restricting his hypothetical future detention.

## II.    BACKGROUND

Kaplan entered the United States and was apprehended by Border Patrol around January 18, 2025. Dkt. 5-1 at 2. Kaplan was initially placed in expedited removal proceedings but was issued a Notice to Appear after an asylum officer determined he had a credible fear of persecution or torture. Dkt. 6 ¶¶ 4, 8. In February 2025, Kaplan was brought to NWIPC. Dkt. 6 ¶ 6. On August 21, 2025, an immigration judge denied Kaplan's asylum application and ordered his removal to Turkey, but also granted his application for withholding of removal under INA § 241(b)(3). Dkt. 6 ¶ 10; Dkt. 5-3 at 2–4. Kaplan has remained in Respondents' custody at NWIPC. *See* Dkt. 6 ¶ 11.

## III.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

In *Zadvydas v. Davis*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens[1] subject to final orders of removal. 533 U.S. 678, 699 (2001). Applying the doctrine of constitutional avoidance, the Court explained that such an interpretation was necessary "to avoid a serious constitutional threat." *Id.* As the Court recognized, "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem [under] . . . [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. "Freedom from imprisonment—from government custody, detention, or other forms of physical

---

[1] "This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

restraint—lies at the heart of the liberty that Clause protects." *Id.* The Court concluded that, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

Additionally, the federal courts have "long recognized the existence of an implied cause of action through which plaintiffs may seek equitable relief to remedy a constitutional violation." *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020). A plaintiff seeking a permanent injunction must demonstrate (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). To demonstrate that ongoing relief is needed, the party seeking a permanent injunction must establish "some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). "Once a [constitutional] right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Roman*, 977 F.3d at 942 (quoting *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971)).

## IV.    DISCUSSION

Kaplan argues that his continued detention, more than six months after his removal order was issued, violates the due process clause of the Fifth Amendment and 8 U.S.C. § 1231(a) because his removal is not reasonably foreseeable. Dkt. 1 at 7–9. The relief Kaplan seeks is an order: (1) requiring his immediate release from custody; and (2) preventing Respondents from

taking him into custody "unless they have executable travel documents to remove him from the United States and provide him with notice and a meaningful hearing before re-detaining him." Dkt. 1 at 9. Respondents concede that Kaplan's "detention has exceeded the presumptively reasonable period of six months following the entry of his final order of removal." Dkt. 4 at 2. They argue, however, that Kaplan is not entitled to the permanent injunctive relief restricting their ability to take him into custody to carry out his removal in the future. Dkt. 4 at 5. The Court will consider Kaplan's two requests in turn.

### A.    Kaplan's detention has become indefinite.

Kaplan is a noncitizen who has been detained in the United States for more than a year. He is entitled to the protections of the Due Process Clause. *See Zadvydas*, 533 U.S. at 693. Having been detained for more than seven months after an IJ ordered his removal, *see* Dkt. 6 ¶ 10, Petitioner's continued detention is not "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. Respondents concede this and provide no evidence to attempt to rebut Kaplan's showing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Kaplan has therefore shown that his detention has become indefinite in violation of the INA, and the Court GRANTS his petition for a writ of habeas corpus.

### B.    Kaplan has not shown an entitlement to injunctive relief.

Kaplan seeks an order preventing Respondents from taking him into custody "unless they have executable travel documents to remove him from the United States and provide him with notice and a meaningful hearing before re-detaining him." Dkt. 1 at 9. Respondents argue that Kaplan is not entitled to a permanent injunction under the four factor *Winter* test. Dkt. 4 at 5–6 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). In response, Kaplan argues that he is not seeking a permanent injunction, making the *Winter* test irrelevant, he is instead seeking

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

"the Court's articulation of his Due Process rights, to deter the government from violating those rights in the future." Dkt. 7 at 2.

Although Kaplan claims that he is not seeking a "permanent injunction," any ongoing future restrictions beyond release from custody are necessarily injunctive relief. *See Injunction*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("A court order commanding or preventing an action."). Kaplan has not addressed or met the standard required for such relief. Accordingly, Kaplan's request for prospective injunctive relief is DENIED.

### V.    CONCLUSION

For these reasons, the Court GRANTS the petition for writ of habeas corpus but DENIES Petitioner's request for further injunctive relief without prejudice. Dkt. 1. The Court ORDERS as follows:

1.    Respondents are ORDERED to release Petitioner Tuncay Kaplan from custody[2] within ONE day of this Order.

2.    Counsel for Respondents shall submit a status report by the end of the day on April 2, 2026 confirming Kaplan's release.

Dated this 30th day of March, 2026.

Tiffany M. Cartwright
United States District Judge

---

[2] Subject to reasonable terms of supervision set forth in 8 U.S.C. § 1231(a)(3). *See* 8 U.S.C. § 1231(a)(6) ("[I]f released, [a noncitizen ordered removed] shall be subject to the terms of supervision in paragraph (3))."

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5